UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                  No. 03-4830

ALLEN ARCHIE HURLEY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-01-404-AMD)

Submitted: June 16, 2004

Decided: July 14, 2004

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Alan R. L. Bussard, Towson, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Andrew G. W. Norman, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Allen Archie Hurley was convicted at a bench trial of conspiracy to commit bank robbery, 18 U.S.C. § 371 (2000), bank robbery, 18 U.S.C. § 213(a),(d),(f) (2000), use of a firearm in the commission of a crime, 18 U.S.C. § 924(c) (2000), disqualified possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1) (2000), possession and disposal of a stolen car, 18 U.S.C. § 2313 (2000), and witness tampering, 18 U.S.C. § 1512(b)(1) (2000). Hurley raises four issues on appeal. Because we find no error, we affirm his convictions and sentence.

First, Hurley asserts that the district court erred in denying his motions for judgment of acquittal because testimony offered by Olga Jacobs, an unindicted co-conspirator, was inherently unreliable, and without her testimony, there was insufficient evidence to support the verdict. A verdict must be upheld on appeal if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, we do not review the credibility of witnesses, and we assume the factfinder resolved all contradictions in the testimony for the government. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002). The uncorroborated testimony of one witness or an accomplice may be sufficient to sustain a conviction. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997).

The district court recognized in its pronouncement of the verdict after a bench trial that Jacobs' testimony was not sufficient to establish the charged crimes, but found that Jacobs' testimony was corroborated by the Government's evidence from independent sources as to every material matter. The district court, after hearing independent corroboration, then credited Jacobs' testimony. A review of the Government's evidence satisfies us that the district court did not err in relying on Jacobs' testimony. The district court properly denied Hurley's motions for judgment of acquittal.

Second, Hurley asserts the district court erred when it failed to approve the production of a subpoenaed witness at government

expense. The trial judge's denial of an indigent defendant's request to have a witness transported to court is reviewed for abuse of discretion. *United States v. Espinoza*, 641 F.2d 153, 159 (4th Cir. 1981). Hurley sought the appearance of an aged and physically impaired witness who had witnessed one of Hurley's overt acts in furtherance of his bank-robbing conspiracy and had provided a description to a government sketch artist, but had little memory of the events in question. Although the district court did not compel the production of this witness, it did accept a proffer from the defense of the anticipated testimony. Because the credibility of the sketch was not in question — the sketch was not introduced as identification evidence — the district court concluded that the witness's testimony was irrelevant. On appeal, Hurley has failed to show that this conclusion was incorrect. Because Hurley was not deprived of relevant, material testimony from the witness that was vital to his defense, *Washington v. Texas*, 388 U.S. 14, 16 (1967), the district court did not abuse its discretion by refusing to direct the United States Marshals to bring the witness to court.

Third, Hurley asserts the denial of his motions for return of property allegedly removed by jailers during transport from one facility to another during his pre-trial detention and his subpoena request for the Marshals' tapes of the lock up area violated his due process rights by interfering with his preparation for trial. The denial of a request for the return of property pursuant to Rule 41(g) is reviewed for abuse of discretion. *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993). The property was described as letters written by Jacobs, a Government witness, that incriminated her and exonerated Hurley. The district court allowed Hurley to use the purported content of the letters to cross-examine Jacobs. Hurley does not assert that the court or the Government interfered with his ability to challenge Jacobs' testimony based on the content of the letters. The district court did not abuse its discretion.

Finally, Hurley challenges the admissibility of evidence of his previous convictions for five bank robberies in Maryland in 1992, and the robberies of five banks in Pennsylvania in 2001 that he had not been convicted of prior to trial. A district court may admit "[e]vidence of other crimes, wrongs, or acts for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence

of mistake or accident, but not to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Rule 404(b) is an inclusionary rule, excluding only evidence that solely proves criminal disposition. *United States v. Sanchez*, 118 F.3d 192, 195 (4th Cir. 1997). This Court reviews the district court's decision to admit evidence of prior bad acts under Fed. R. Evid. 404(b) for abuse of discretion. *See United States v. Mark*, 943 F.2d 444, 447 (4th Cir. 1991). Rule 404(b) decisions are not reversed unless they are arbitrary or irrational. *United States v. Powers*, 59 F.3d 1460, 1464-65 (4th Cir. 1995). The district court admitted the evidence of the 1992 robberies as relevant to an issue other than character and necessary to corroborate the identity testimony of Jacobs. The evidence was reliable and as required by Federal Rule of Evidence 403, its probative value was not substantially outweighed by its prejudicial nature. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). The 2001 Pennsylvania robberies arose out of the same series of transactions as the charged offense, and completed the story of the chain of bank robberies. *See United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994). The district court did not abuse its discretion in admitting evidence of the other robberies.

Accordingly, we affirm Hurley's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument will not aid in the decisional process.

*AFFIRMED*